Argued March 26, decided April 9, 1912.

## DONART v. STEWART.

[122 Pac. 763.]

INJUNCTION—JURISDICTION—REMEDY AT LAW.

1. A tenant holding over after the expiration of his written lease cannot sue to enjoin an action of forcible entry and detainer, on the ground that the landlord orally agreed to renew the lease for one year, since, under Section 808, subd. 6, L. O. L., agreements to lease for one year need not be in writing, and are provable by parol; and therefore the tenant had an adequate remedy at law by way of defense to the action of forcible entry and detainer.

LANDLORD AND TENANT—LEASE—MUTUALITY—NECESSITY.

2. Allegations that a landlord orally agreed to renew a lease, without any allegations that the tenant agreed to take the premises or pay the rent, are insufficient to establish a lease.

From Klamath: HENRY L. BENSON, Judge.

Statement by MR. JUSTICE BURNETT.

This is a suit by Charles Donart and N. J. Donart, co-partners, doing business under the firm name of Donart Brothers, against C. P. Stewart and M. M. Roush. The facts of the case are as follows:

On June 28, 1909, G. W. White, by an instrument in writing under seal, signed by both himself and the lessees, leased a building in Klamath Falls to Charles Donart and Jesse Ball for the term of one year from October 1, 1909, at a monthly rental of $50. It seems that White deeded the premises to Roush, the defendant here, who in turn conveyed them to his co-defendant, C. P. Stewart, and Charles Donart acquired the interest of Ball in the lease all during the term. At the expiration of the lease, Donart held over, and finally, in March, 1911, Stewart brought an action of forcible entry and detainer against Donart. About this time, the latter joined with his partner and brother, N. J. Donart, as plaintiff in a cross-bill against this action at law, in which bill they made Stewart and Roush defendants, alleging, in substance, that during the term of the lease

already referred to, and while Roush was owner of the property, he agreed with the plaintiffs in the cross-bill that he would renew the lease to them for one year upon the same terms and conditions named in the then existing lease; that on the faith of the promises of Roush the plaintiffs re-entered the premises and remained after October 1, 1910, until the beginning of the action of forcible entry and detainer; and that they had paid the rent to February 1, 1911, and deposited the further sum of $100 with the clerk of the court for the rent accruing afterwards. They claim fully to have performed the conditions promised and agreed upon as the terms of the new lease, and had made certain repairs and improvements on the premises, which they described. The original lease required the tenants to make all changes in the building that might be agreed upon at their own expense. It is not alleged that the plaintiffs here agreed to accept the lease or to pay the rent for the new term. The answer admits the payment of rent to February 1, 1911, and the succession of Stewart to the rights of Roush, which the latter derived from White in the premises. Otherwise the answer denies all the allegations of the cross-bill. The court rendered a decree, after hearing on the pleadings and evidence, dismissing the cross-bill, and the plaintiffs appeal.

AFFIRMED.

For appellants there was a brief over the name of *Mr. C. M. O'Neill,* with an oral argument by *Mr. Delmon V. Kuykendall.*

For respondents there was a brief and an oral argument by *Mr. J. C. Rutenic.*

MR. JUSTICE BURNETT delivered the opinion of the court.

There are two reasons why the plaintiffs should take nothing by their cross-bill:

1. (1) The term of the alleged lease upon which the bill is founded was for one year, and hence was provable orally. Section 808, subd. 6, L. O. L. *State* v. *McGinnis,* 56 Or. 163, 167 (108 Pac. 132). Being thus valid without written evidence, the lease could have been interposed as a legal defense, in the action at law of forcible entry and detainer, without resort to equitable procedure. Having, therefore, an adequate remedy at law to protect their leasehold estate in the very action, the prosecution of which they would enjoin, the plaintiffs have no standing in equity.

2. (2) The transactions between the plaintiffs, on one hand, and the defendant Roush, on the other, as described in the pleadings and testimony in support of the bill, amount at best only to an option to extend the lease for one year, which plaintiffs were at liberty to accept or reject whenever they chose. Although they allege that the then landlord promised them a lease for an additional year, they do not aver or even testify that they agreed to take the premises or pay the rent. For all that anywhere appears, they could have vacated the building at any time without incurring any obligation to pay rent after quitting possession. The alleged agreement was void, because it lacked mutuality of obligation.

The decree of the circuit court is affirmed.

AFFIRMED.